# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EARLIE JAMES,**

        **Petitioner,**

    **v.**                             **CIVIL ACTION NO. 5:07cv161**
                                                    **(Judge Stamp)**

**WAYNE A. PHILLIPS, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On December 12, 2007, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, seeking an order to compel the Bureau of Prisons ("BOP") to recalculate his sentence to credit him for time he alleges was spent in federal custody for a related state charge. The petitioner paid the required filing fee on December 26, 2007. By Order entered on December 26, 2007, this Court directed the respondent to show cause why the petition should not be granted. On January 24, 2008, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgement. On January 25, 2008, a <u>Roseboro</u> Notice was issued. On February 6, 2008, the petitioner filed a reply.

### II. FACTS

The petitioner was originally sentenced on May 13, 2005, in the Arlington County Circuit Court, Commonwealth of Virginia to a term of 5 years incarceration with 3 years and 1 month suspended. His Virginia conviction was for Credit Card Forgery and Credit card Fraud. (Doc. 7-8).

On June 15, 2005, the petitioner was remanded to the custody of the United States Marshals Service via a federal writ of habeas corpus *ad prosequendum*. (Doc. 7-3, p. 2). The petitioner was

1

then sentenced in the United States District Court for the Southern District of New York on May 2, 2006, to a 24 month term of incarceration for Conspiracy to Commit Access Device Fraud and Access Device Fraud in violation of 18 U.S.C. § 1929(b)(2) and (a)(5), respectively. (Doc. 7-6). The petitioner was returned to the custody of the Commonwealth of Virginia on June 7, 2006. (Doc. 7-5).

Upon completion of his state sentence, the petitioner was released from the custody of the Commonwealth of Virginia on October 12, 2005, and remanded to federal custody. (Docs. 7-7, 7-9). In conformity with Program Statement 5880.28, Sentence Computation Manual of 1984, and 18 U.S.C. § 3584(a), the BOP prepared a sentence computation for the petitioner which reflected that his federal sentence commenced on October 12, 2006, the date he completed his state sentence and was released from state custody. (Doc. 7-9).

### III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

The petitioner is seeking credit against his federal sentence for the one year period he was in the custody of the Marshall Service on a federal writ of habeas corpus *ad prosequendum*. The ultimate purpose in seeking this credit is to reduce the time he must spend in federal custody

following his release from the Commonwealth of Virginia.[1]

Although the petitioner has not notified the Court of a change of address, the BOP website establishes that he was released from custody on July 9, 2008, via good conduct release. Accordingly, the petitioner is no longer in the custody of the BOP, and there is no relief that this court can offer. Therefore, this case is now moot.[2]

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the  petitioner's §2241 petition (Doc. 1) be **DISMISSED AS MOOT** and the pending Motion (Doc. 7) be **DISMISSED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Frederick P. Stamp, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States

---

[1]The petitioner alleges that following his release from state custody, and upon arriving at the Metropolitan detention center in Brooklyn, New York, his case manager informed him that his tentative release date was scheduled for March 1, 2007.  However, the petitioner alleges that several days later his case manager informed him that his tentative release date had been changed to July of 2008, because the Computation Center in Texas had re-computed his prior custody credit.

[2]The undersigned notes that if the petition were not moot, the petitioner would not be entitled to the credit that he seeks, because to do so would result in double credit in violation of 18 U.S.C. § 3585(b).   Because the Commonwealth of Virginia credited the time he spent in federal custody on the writ of habeas corpus *ad prosequendum* against his state sentence, he is not entitled to credit for that same period against his federal sentence.

v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

    The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: July 18, 2008

                                        /s/ James E. Seibert
                                        JAMES E. SEIBERT
                                        UNITED STATES MAGISTRATE JUDGE