IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EARLIE JAMES,

    Petitioner,

v.                                                               Civil Action No. 5:07CV161
                                                                                       (STAMP)
WAYNE A. PHILIPS, Warden,

    Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

    I.   Facts and Procedural History

The petitioner was sentenced on May 13, 2005, in the Arlington County Circuit Court, Commonwealth of Virginia, to a term of five years of imprisonment, with three years and one month suspended, for credit card forgery and credit card fraud. The petitioner was subsequently remanded to federal custody on June 15, 2005, pursuant to a federal writ of habeas corpus ad prosequendum. He was sentenced on May 2, 2006, in the United States District Court for the Southern District of New York to a term of incarceration for conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1929(b)(2), and for access device fraud, in violation of 18 U.S.C. § 1929(a)(5). On June 7, 2006, the petitioner was returned to state custody.

After the petitioner completed his state sentence on October 12, 2006, he was again remanded from the custody of the

Commonwealth of Virginia to federal custody.[1]  The BOP calculated the petitioner's federal sentence with a start date of October 12, 2006, which corresponds to the date upon which the petitioner completed his state sentence and was released from state custody.

On December 12, 2007, the petitioner, Earlie James, filed a pro se[2] application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking an order to compel the Bureau of Prisons ("BOP") to recalculate his sentence to account for time served in federal custody while simultaneously serving a state sentence on a related charge.  This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09.  The magistrate judge directed the warden, as respondent, to show cause why the writ should not be granted.  The warden responded by filing a motion to dismiss, or, in the alternative, for summary judgment.  The petitioner filed a timely reply.

---

[1] The report and recommendation contains a typographical error which indicates that the petitioner was released from state custody on October 12, 2005.  (Report and Recommendation at 2.)  However, in the same paragraph, the report and recommendation correctly states the state custody release date as October 12, 2006.  Accordingly, the error in the first date was corrected in the report and recommendation.  In any event, the state custody release date is immaterial to the analysis of this case.

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1237 (7th ed. 1999).

After reviewing the parties' pleadings and the relevant law, the magistrate judge entered a report recommending that the petitioner's § 2241 application be dismissed as moot and that the respondent's motion to dismiss be denied as moot. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. No objections have been filed. For the reasons set forth below, this Court finds that the report of the magistrate judge must be affirmed and adopted in its entirety, that the petitioner's § 2241 petition must be dismissed as moot, and that the respondent's motion to dismiss must be denied as moot.

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file

objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a case ceases to present a viable legal issue requiring resolution, the case becomes moot. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If circumstances arise during the course of a case which render it moot, the case must be dismissed. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996).

III. Discussion

Here, the petitioner challenges the BOP's calculation of his sentence. As relief, the petitioner asks this Court to compel the BOP to recalculate his sentence to give him credit for the time he spent in federal custody while he was serving his state sentence.

Although the petitioner has not notified this Court of a change of address, the BOP inmate locator website indicates that the petitioner was released from custody on July 9, 2008. Because the petitioner is no longer in the custody of the BOP, this Court finds that the petitioner's legal challenges no longer require resolution. Accordingly, this Court finds no clear error in the magistrate judge's finding that this case is moot and that, therefore, this Court lacks jurisdiction to adjudicate it.[3]

---

[3]Even if the case were not moot, this Court agrees with the magistrate judge that the petitioner would not be entitled to relief on the merits. Pursuant to 18 U.S.C. § 3585(b), an inmate

4

IV. <u>Conclusion</u>

Having reviewed the magistrate judge's report and recommendation for clear error, and finding none, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, the petitioner's petition pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED as moot. Further, the respondent's motion to dismiss, or, in the alternative, for summary judgment, is DENIED AS MOOT. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

---

cannot receive credit for time served if such time served has already been credited against another sentence. Here, the Commonwealth of Virginia credited against his state sentence the time the petitioner spent in federal custody pursuant to the writ of habeas corpus <u>ad prosequendum</u>. Therefore, the petitioner is not entitled to receive credit against his federal sentence for that same period.

DATED:     September 17, 2008

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE